# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4201
_____

KRAMER FOREST,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

October 18, 2018

PER CURIAM.

Appellant challenges his criminal judgment and sentence for possession of more than 20 grams of a controlled substance, cannabis. Appellant contends that he could not have committed the charged crime because Florida's criminal code, which classifies cannabis as a substance that "has no current medical use," is in direct conflict with the recent amendment to the Florida Constitution regarding the production, possession, and use of medical marijuana. We disagree.

A "controlled substance" is "any substance named or described in Schedules I-V of s. 893.03." § 893.02(4), Fla. Stat. (2016). Cannabis, or marijuana, is statutorily defined as a Schedule I controlled substance. § 893.03(1)(c)7., Fla. Stat.

(2016). A Schedule I substance is one that "has a high potential for abuse and has no currently accepted medical use in treatment in the United States and in its use under medical supervision does not meet accepted safety standards." § 893.03(1), Fla. Stat.

Article X, section 29 of the Florida Constitution, which was approved by voters in 2016, provides for the production, possession, and use of medical marijuana. However, the amendment specifically states "[n]othing in this section allows for a violation of any law other than for conduct in compliance with the provisions of this section" and "[n]othing in this section shall affect or repeal laws relating to non-medical use, possession, production, or sale of marijuana." Art. X, § 29(c)(1)-(2), Fla. Const. Accordingly, nothing in the amendment expressly repeals section 893.03(1)(c)7.

Florida courts have long held that "[a] statute valid when enacted, and made effective, is not invalidated by a subsequent amendment to the Constitution, unless the amendment is designed to have that effect." *Neisel v. Moran*, 85 So. 346, 360 (Fla. 1919) (on rehearing); *see also Graham v. Haridopolos*, 108 So. 3d 597 (Fla. 2013) (holding that a constitutional amendment creating the Board of Governors did not prohibit the Legislature from enacting statutes that exerted control over the setting of an appropriation for the expenditure of tuition and fees because the amendment did not expressly transfer the Legislature's authority to raise revenue and appropriate for the expenditure of state funds).

As such, we find section 893.03(1)(c)7., Florida Statutes, constitutional, and we affirm appellant's judgment and sentence.

AFFIRMED.

WOLF, LEWIS, and ROWE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Laurel Cornell Niles, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.